# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ) | |
| TERRY A. KING & CYNTHIA A. KING ) | |
| DEBTORS ) | |
| ) | CHAPTER 13 |
| TERRY A. KING & ) | |
| CYNTHIA A. KING, ) | |
| ) | CASE NO. 08-40966-JBR |
| Plaintiffs, ) | |
| v. ) | |
| ) | AP. NO. 08-4053 |
| UNITED STATES OF AMERICA, ) | |
| INTERNAL REVENUE SERVICE, & ) | |
| LISA A. MALONEY ) | |
| ) | |
| Defendants ) | |

**NOTICE OF REVOCATION OF PRIOR MEMORANDUM OF DECISION AND ISSUANCE OF AMENDED MEMORANDUM OF DECISION**

This Amended Memorandum of Decision on Defendants' Motion to Dismiss and to Vacate Pretrial Order supersedes and replaces the Memorandum of Decision on Defendants' Motion to Dismiss and to Vacate Pretrial Order, dated October 20. 2008. Please replace the Memorandum previously sent to you with this Amended Memorandum.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE )<br>TERRY A. KING & CYNTHIA A. KING )<br>DEBTORS )<br>_____ )<br>TERRY A. KING & )<br>CYNTHIA A. KING, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>INTERNAL REVENUE SERVICE, & )<br>LISA A. MALONEY )<br>)<br>Defendants ) | CHAPTER 13<br><br>CASE NO. 08-40966-JBR<br><br>AP. NO. 08-4053 |

**AMENDED MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS
TO DISMISS AND TO VACATE PRETRIAL ORDER[1]**

### I.     Introduction

This matter is before the Court on the Motion of Defendants, the United States of America, the Internal Revenue Service ("IRS"), Lisa Maloney ("Maloney"), and Jennifer Petrillo ("Petrillo") to Dismiss (Docket # 10) and the Motion of Maloney to Vacate the Court's Pre-Trial Order and First Determine Jurisdiction and Abstention Issues. (Docket # 40). The Plaintiffs have opposed both motions. (Docket # # 17 and 43). The docket and procedural history of this case is somewhat complicated largely due to the Defendants' filing several motions raising different arguments, including raising different reasons for this Court's lack of jurisdiction, instead of including all arguments in one motion. This is not the first time that the IRS has disappointed the Court in this case. In the main case, the IRS previously violated Federal

---

[1] This Amended Memorandum of Decision on Defendants' Motion to Dismiss and to Vacate Pretrial Order supersedes and replaces the Memorandum of Decision on Defendants' Motion to Dismiss and to Vacate Pretrial Order, dated October 20, 2008 (docket #49).

Bankruptcy Rule 9037 by failing to redact the debtors' social security numbers and non-debtor account information from exhibits attached to a motion for relief from the automatic stay.

## II.    Facts

The facts are principally drawn from the Plaintiffs' Complaint. The Plaintiffs filed a Chapter 13 bankruptcy petition on March 28, 2008. (Pls.' Compl. ¶ 1). As of August 11, 2008, the IRS claimed that it was owed approximately $188,696.01 in unpaid taxes for tax years 1999 through 2006. (United States' Motion for Relief From Stay, at ¶ 8(A), Docket # 41). On April 1, 2008, with actual knowledge of the Plaintiffs' bankruptcy filing, IRS agents Maloney and Petrillo filed a federal tax lien naming Alfred F. Charest and Shirley Charest, Plaintiff Cynthia A. King's parents, as nominees of the Plaintiffs. (Pls.' Compl. ¶ 3). The lien attached to real estate located at 72 Wilderness Drive, Sutton, Massachusetts ("Property") held in the name of Alfred and Shirley Charest. To the extent that the Charests are holding property for the Plaintiffs or have legal title to the Plaintiffs' property, the Property is an asset of the Plaintiffs or the bankruptcy estate. (Pls.' Compl. ¶ 5). The Plaintiffs alleged that Maloney and Petrillo acted outside the scope of their employment and, therefore, are personally liable for their actions. (Pls.' Compl. ¶ 7). The Plaintiffs further allege that Maloney and Petrillo's conduct was negligent, extreme, and outrageous and caused the Plaintiffs extreme emotional distress, including stress and anxiety. (Pls.' Compl. ¶ 6).

## III.    Travel of the Case

The Plaintiffs filed a Complaint (Docket #1) against the United States, the IRS, Maloney, and Petrillo asserting counts for Willful Violation of the Automatic Stay (Count I), Intentional Infliction of Emotional Distress (Count II), and Negligent Infliction of Emotional Distress (Count III). The Defendants filed a Motion to Dismiss the Plaintiffs' Complaint pursuant to Fed.

R. Civ. Pro. 12(b)(1) and (6), made applicable by Fed. R. Bankr. Pro. 7012(b), and a Notice of Substitution whereby the United States would replace Maloney and Petrillo, as the sole defendant under Counts II & III. (Docket # # 9 and 10). The Notice of Substitution was accompanied by a Certification of the Acting United States Attorney for the District of Massachusetts that Maloney and Petrillo were acting within the scope of their employment ("Certification"). The Plaintiffs opposed the Notice of Substitution. (Docket # 16). The Court held a hearing on both the Motion to Dismiss and the Notice of Substitution. It took both matters under advisement and ordered the parties to file memoranda of law concerning the Notice of Substitution. At the hearing, Defendants' counsel acknowledged that the Plaintiffs could contest the Certification by motion, and if they did so, the Court would have to hold an evidentiary hearing to determine whether the Defendants were acting within the scope of their employment. Furthermore, in their memoranda, the Defendants stated that a Notice of Substitution can be overcome by the opposing party if the Court makes an "affirmative finding that [the Defendants] were acting beyond the scope of their employment."

The Court held a status conference and ordered that an evidentiary hearing be conducted to determine whether Maloney and Petrillo were acting within the scope of their employment.[2] One day after the status conference, the Plaintiffs voluntarily dismissed Petrillo from this adversary proceeding, and the Court issued a limited Pretrial Order that set discovery deadlines regarding the narrow issue of whether Maloney was acting within the scope of her employment. Two days after that hearing, Maloney, represented by the same IRS counsel, filed a motion to

---

[2] At the status conference, the IRS never questioned the Court's jurisdiction to determine whether the individual defendants were acting within the scope of employment, but rather, vehemently argued that an evidentiary hearing would not be necessary because, despite the language of ¶ 7 of the Complaint that Maloney and Petrillo "acted beyond the scope of their representative capacity," the Plaintiffs made no allegation that the individual defendants acted outside the scope of their employment The IRS chose to focus on the individual defendants filing of the tax lien and sidestep the Plaintiffs' affidavit which clearly alleges that Maloney acted out of "personal antipathy" toward the Plaintiffs by making unauthorized contacts and visits to members of the Plaintiffs' family. See Pls.' Aff. ¶¶ 5-11 (Docket # 31).

3

vacate the order, and for the first time, argued that this Court lacks jurisdiction to determine whether Maloney was acting within the scope of her employment. The Court is particularly troubled because the Defendants failed to raise this particular jurisdictional argument in any of their pleadings or in their arguments until the Court ordered an evidentiary hearing on the issue. Such a litigation tactic is cumbersome, time consuming, and not to be tolerated in this Court as jurisdictional arguments should be raised as early as possible, and not simply when it suits a party to do so.[3]

### IV.    Positions of the Parties

In the Motion to Dismiss, the Defendants state, without explanation, that the Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction. The Defendants also argue that the Plaintiffs lack standing to bring, or are estopped from bringing, a count for willful violation of the automatic stay because the Plaintiffs have denied owning any interest in the real property to which the nominee tax lien attached.[4] The Defendants also argue that recording a nominee tax lien did not violate the automatic stay because the tax liens had already been created and perfected, filing a tax lien is not an act to "collect" or "obtain possession" over property, and filing a supplemental notice is not an "action or proceeding." The Defendants also argue that the Plaintiffs have not been injured within the meaning of 11 U.S.C. § 362(k)(1) because emotional distress damages are not recoverable against the government. They argue that the Federal Torts Claims Act ("FTCA") bars Counts II and II in their entirety. Finally, they assert that IRS

---

[3] The IRS has acknowledged that the decision to proceed in this fashion was made by trial counsel's supervisors, not by trial counsel. In the future, litigants who handle their cases and file motions in this fashion, while wasting the Court's time and resources, do so at their peril. Notwithstanding the Court's frustration with Defendants' decision to proceed in this manner, the Court must address Defendants' argument that this Court lacks jurisdiction. *See, e.g., Mills v. Maine*, 118 F.3d 37, 51 (1st Cir. 1997).

[4] The Court takes judicial notice of the Plaintiffs' Schedule B which lists an "Arguable equitable claim in Real Estate" valued at $0.00.

4

employees cannot be liable for willful violations of the automatic stay in their individual capacities under both the Tax Code and the FTCA.

The Plaintiffs argue that recording the nominee tax lien violated the automatic stay and that they are entitled to recover emotional distress damages. The Plaintiffs also argue that they have standing to bring an action for willful violation of the automatic stay because they have an "arguable interest" in the real estate, and because the Defendants' theory implies that the Plaintiffs have a vested right in the real property.

In the Motion to Vacate the Pre-trial Order, Maloney argues that the Court should determine whether it has jurisdiction to hear the Plaintiffs' claims against her before proceeding to discovery and an evidentiary hearing on the scope of employment issue. Maloney argues that this Court lacks subject matter jurisdiction to hear the Plaintiffs' counts for intentional and negligent infliction of emotional distress because any damages recovered will not be available for distribution among the creditors of the bankruptcy estate. Maloney restates the position that the Plaintiffs lack standing to bring the count for Willful Violation of the Automatic Stay because the Plaintiffs insist that their interest in the property has no value,[5] and the position that emotional distress are not recoverable under § 362(k)(1). Maloney requests that the Court abstain from determining whether Maloney acted within the scope of her employment under 28 U.S.C. § 1334(c)(2) and points out that her research indicates that a bankruptcy court has never reviewed a scope of employment certification.

In opposition, the Plaintiffs argue that Maloney is effectively seeking a protective order from discovery which should be denied for failure to comply with MLBR 7026-1(b) and MLBR

---

[5] The IRS has made this argument several times before this Court, but has never provided the Court with any authority to support its argument that the Automatic Stay is not violated when action is taken against property of the debtor that is scheduled as having no value. If this were an accurate interpretation of the law, notwithstanding the automatic stay, creditors would be permitted to harass debtors by threatening to repossess certain personal items such as family photographs that have no monetary value.

5

7037-1(b). The Plaintiffs also argue that Maloney's motion should be denied because it raises the same arguments originally raised in the Motion to Dismiss, which is under advisement. Finally, the Plaintiffs argue that the Court is not required to abstain from hearing the Plaintiffs' claims because the motion to abstain is untimely and the action has not been commenced in state court.

## V. Discussion

### A. Intentional and Negligent Infliction of Emotional Distress (Counts II & III)

The Defendants argue that this Court lacks subject matter jurisdiction to hear Counts II and III. This Court's jurisdiction is set forth in 28 U.S.C. § 157. This Court has jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 [if] referred [by the district court]," 11 U.S.C. § 157(b)(1), as well as non-core matters "that [are] otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). The District of Massachusetts has referred all such proceedings to the bankruptcy court. L.R. D. Mass. 201.

Specifically, the Defendants argue that the Court lacks "related to" jurisdiction to hear Counts II and III because any damages recovered will not be available for distribution among the creditors of the bankruptcy estate. Although this is a correct statement of the law, *see In re N. Atl. Millwork Corp.*, 155 B.R. 271, 280 (Bankr. D. Mass. 1993), the Defendants fail to acknowledge that the bankruptcy case is one under Chapter 13 of the Bankruptcy Code. Property of the estate includes not only property listed in 11 U.S.C. § 541, which includes prepetition tort claims, but also property listed in 11 U.S.C. § 541 if it is acquired after commencement of the bankruptcy case and before the case is closed, dismissed, or converted. 11

6

U.S.C. § 1306. Although this Court lacks jurisdiction to hear Counts II and III, 28 U.S.C. § 157(b)(5) of the Bankruptcy Code states that:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Rather than adopt the procedure urged by the United States, namely that this Court dismiss these counts only to have the Debtors commence an action in state court, which the IRS will then remove to the United States District Court, the Court will follow the approach adopted in *In re Redondo Construction Corp.*, 2006 WL 3898382, *3 (Bankr. D.P.R. June 29, 2006) and certify these counts to the District Court at the conclusion of its deliberations with respect to Count I.

Maloney has asked that the Court vacate its pretrial order (Docket # 38) and not proceed with a trial on the limited issue of whether she was acting within the scope of her employment when performing the complained of actions. The Defendants filed a Notice to Substitute the United States as the sole defendant in place of Maloney for Counts II & III. (Docket # 9). That notice effectively dismissed Maloney from this adversary proceeding with respect to Counts II & III unless and until the Court determines that Maloney acted outside the scope of her employment. *See* 28 U.S.C. § 2679(d)(1); *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434-37 (1995); *Davric Marine Corp. v. U.S. Postal Serv.*, 238 F.3d 58, 65-66 (1st Cir. 2001). As the Court has determined that it does not have jurisdiction to hear Counts II & III, there is no reason to determine whether Maloney acted within the scope of her employment. The Defendant's Motion to Vacate the Pretrial Order, Docket # 38, is hereby granted and Docket #34, with respect to an evidentiary hearing regarding the scope of employment is also hereby vacated. The scope of employment issue will be left for the District Court.

7

### B. Willful Violation of the Automatic Stay (Count I)

The Defendants argue that Count I should be dismissed because (1) the Plaintiffs lack standing to bring an action for willful violation of the automatic stay; (2) filing a nominee tax lien does not violate the automatic stay; (3) emotional distress damages are not available against the United States for violations of the automatic stay; and (4) IRS employees cannot be held liable in their individual capacities for violating the automatic stay. The Court will address each argument in turn.

    1.    <u>Standing</u>

The Defendants argue that the Plaintiffs lack standing to bring an action for willful violation of the automatic stay or are estopped from bringing this action because the Plaintiffs are deliberately evasive about ownership of the Property and have previously denied owning any interest in the Property. When faced with a motion to dismiss for want of standing, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975). The Defendants rely primarily on *In re Donovan*, 2006 WL 2267512 (Bankr. D. Mass. 2006) to support this argument. In *Donovan*, the IRS moved for relief from the automatic stay to levy assets held by a non-debtor third party and apply the proceeds to the debtor's tax liabilities. The assets held by the non-debtor third party were owed to a corporation that the IRS alleged was the alter ego of the debtor. The debtor denied that the corporation was his alter ego.

*Donovan* is procedurally distinguishable because the IRS sought relief from the automatic stay prior to levying assets held by a non-debtor third party. More importantly, *Donovan* is factually distinguishable because the debtor in that case disavowed having "*any*" interest in the property that the IRS sought to levy, while the Plaintiffs herein have scheduled an

8

"arguable equitable claim" in the Property on Schedule B. Furthermore, the Plaintiffs have pled that either they own or the bankruptcy estate owns the Property in their Complaint. Consequently, the Defendants reliance on *Donovan* is misplaced.

The theory that the IRS advances to support its right to file a nominee tax lien also provides the Court with a basis for rejecting the lack of standing argument. The IRS filed the nominee tax lien based upon its conclusion, after investigation, that the Plaintiffs are the "true owners of the Property." (United States' Motion for Relief From Stay, at ¶ 1, Docket # 41); *see also In re Richards*, 231 B.R. 571, 578 (E.D. Pa. 1999) ("the nominee theory is utilized to determine whether property should be construed as belonging to the taxpayer if he/she treated and viewed the property as his/her own, in spite of the legal machinations employed to distinguish legal title to the property."). Now, when faced with a willful violation of the automatic stay action, the IRS argues that the Plaintiffs do not have standing to bring such an action because the Plaintiffs have not definitively stated what their ownership interest in the Property is. The Court will not permit the IRS to benefit from taking these contradictory positions. As the Plaintiffs have scheduled and pled some type of ownership interest in the property, and the IRS clearly takes the position that the Plaintiffs own the property, the Court holds that the Plaintiffs have standing to bring an action for willful violation of the automatic stay.[6]

### 2. Filing a Nominee Tax Lien

The Defendants argue that Count I fails to state a claim upon which relief can be granted because filing a nominee tax lien does not violate the automatic stay. A motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. Pro. 12(b)(6) "tests

---

[6] The Court does not take the IRS's argument that the Plaintiff's are "gaming" the system by not definitively stating whether they own the property lightly, but for purposes of this motion to dismiss for lack of standing, the Plaintiffs' complaint establishes standing.

9

the legal sufficiency of a complaint." *Dixon v. Shamrock Fin. Corp.*, 482 F. Supp.2d 172, 174 (D. Mass. 2007). In order to survive the motion, the complaint must allege a "plausible entitlement to relief" and contain "factual allegations" that "raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965-67 (2007). The court deciding the motion must assume that "all allegations in the complaint are true (even if doubtful in fact)." *Id.* The court must also "draw all reasonable inferences in the plaintiff's favor." *Dixon*, 482 F. Supp.2d at 174.

Section 362 of the Bankruptcy Code provides that filing a bankruptcy petition automatically stays, *inter alia*, :

> (4) any act to create, perfect, or enforce a lien against property of the estate;
> (5) any act to create, perfect, or enforce a lien against property of the debtor any lien to the extent that such a lien secures a claim that arose before the commencement of the case under this title; (6)any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.
> 11 U.S.C. § 362(a)(4)-(6).

An individual may recover actual costs, including costs and attorney's fees, from an entity that willfully violates the automatic stay. 11 U.S.C. § 362(k)(1).

First, the Defendants argue that filing a tax lien is not an act to "create, perfect, or enforce" a lien, because tax liens are created and perfected by assessment and demand. The Defendants cite to *United States v. Speers*, 382 U.S. 266 (1965), for this proposition. *Speers*, however, stands for the narrow principle that an unrecorded tax lien is not valid against a bankruptcy trustee, 382 U.S. at 267-69, and bears no relevance to the issue of whether filing a tax lien violates the automatic stay. Notwithstanding this technical argument that tax liens are created and perfected upon demand, the case law has clearly established that filing a tax lien is an act to create or perfect a lien in violation of the automatic stay. *See, e.g., Shadduck v.*

10

*Rodolakis*, 221 B.R. 573, 581 (D. Mass. 1998) ("The filing of the tax lien . . . [was an] act[] to create or perfect a lien against property of the debtor in violation of the automatic stay.").[7]

The Defendants also argue that filing a nominee tax lien is not an "act to collect, assess, or recover a claim against the debtor." The Defendants cite to no case law for this argument, and instead provide the Court with English dictionary definitions of the verb "collect." At least one court disagrees with the Defendants' position and held that filing tax liens violates § 362(a)(6). *See In re Silver*, 305 B.R. 381, 2004 WL 286742, at *12 (10th Cir. B.A.P. 2004) ("By filing the Pospetition Tax Liens against the Nondebtor Insiders as transferees of the Debtors' property, the IRS thus violated § 362(a)(6) because it was attempting to collect its prepetition tax claims against the Debtors from the transferred property."). Consequently, the Court concludes that the Plaintiffs have made a "plausible" claim that, if proved, would "raise a right to relief above the speculative level" for willful violation of the automatic stay under 11 U.S.C. § 362(a)(4)-(6).[8]

### 3. Emotional Distress Damages

The IRS argues that Count I should be dismissed against them because the only damages pled by the Plaintiffs, emotional distress and anxiety, are not included in the statutory waiver of sovereign immunity for willful violation of the automatic stay actions brought against the government under 11 U.S.C. § 362(k)(1). The statutory waiver of sovereign immunity for willful violations of the automatic stay actions appears in 11 U.S.C. § 106. A waiver of sovereign immunity must be "unequivocally expressed," *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999), and "must be strictly construed in favor of the sovereign." *Orff v.*

---

[7] The Defendants' argument that the tax liens were already perfected by notices of tax liens that were allegedly filed in the Plaintiffs' names prior to filing the nominee tax lien cannot be properly considered on a motion to dismiss as evidence is not presented. *Hoover v. Ronwin*, 466 U.S. 558, 596 n.21 (1984).

[8] As the Court has determined that the Plaintiffs have made a plausible claim under § 362(k)(4)-(6), the Court need not reach the Defendants' argument that filing a nominee tax lien does not violate § 362(a)(1) and (3).

11

*United States*, 545 U.S. 596, 601-02 (2005). Any ambiguities must be resolved in favor of immunity. *United States v. Williams*, 514 U.S. 527, 530 (1995).

The IRS relies primarily on *In re Torres*, 432 F.3d 20 (1st Cir. 2005), for their argument that the waiver of sovereign immunity for willful violations of the automatic stay does not include recovery of emotional distress damages. In *Torres*, the debtors sought emotional distress damages for the IRS's violation of the discharge injunction. *In re Torres*, 432 F.3d at 20. The First Circuit held that there was no waiver of "sovereign immunity in 11 U.S.C. § 106, as to allow an award of emotional distress damages against the United States, under the sanctions provision of 11 U.S.C. § 105, to remedy a violation of 11 U.S.C. § 524, which enjoins actions to recover discharged debts." *In re Torres*, 432 F.3d at 23.

The Plaintiffs argue that *Torres* is inapposite because the First Circuit only held that emotional distress damages are not available against the government under the Court's sanction powers of § 105(a), while here the Plaintiffs are seeking damages pursuant to their substantive right of action for willful violation of the automatic stay provided by § 362(k)(1).[9] Although the Plaintiffs are correct in pointing out that *Torres* did not specifically hold that emotional distress damages are not available against the government in actions brought pursuant to § 362(k)(1), the language in *Torres* compels such a conclusion.

First, *Torres* noted that the language in *Fleet Mortgage Group, Inc. v. Kaneb*, 196 F.3d 265 (1st Cir. 1999), suggesting that emotional distress damages are available in actions brought pursuant to § 362(k)(1) is only dicta because Fleet did not raise any arguments regarding the appropriateness of emotional distress damages before the BAP. *In re Torres*, 432 F.3d at 29 n.10. Second, in *Fleet Mortgage* emotional distress damages were only awarded against a

---

[9] The Plaintiffs cite to this Court's decision in *In re McDonald*, 265 B.R. 3 (Bankr. D. Mass. 2001), which distinguished between damages at law and sanctions under a court's contempt power, but the decision is irrelevant to the issue of whether the government has waived its sovereign immunity for emotional distress damages.

12

private entity, so the issue of sovereign immunity was not implicated. Finally, *Torres* concluded with the broad statement that "it is clear that Congress has not 'definitively and unequivocally' waived sovereign immunity under § 106(a) of the Bankruptcy code for emotional distress damages awards in *circumstances* such as these." *Torres*, 432 F.3d at 31 (emphasis added). The Court believes that there is no meaningful difference between the circumstances here (willful violation of the automatic stay) and the circumstances in *Torres* (violation of the discharge injunction) for purposes of determining whether the government has waived its sovereign immunity for emotional distress damages awards. Accordingly, the Court holds that the government has not "definitively and unequivocally" waived its sovereign immunity for emotional distress damages awards under § 106(a) for willful violation of the automatic stay actions brought pursuant to § 362(k)(1). Consequently, the Court shall dismiss Count I against the IRS and United States. The Court will allow the Plaintiffs to amend their complaint within thirty days of this decision.

    4.  <u>Liability of Maloney in her individual capacity</u>

Maloney argues that Count I should be dismissed against her because § 7433(e) of the Internal Revenue Code makes the United States the sole defendant liable for willful violations of the automatic stay by IRS employees. Section 7433(e) provides that:

> **(1)** . . . If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 . . . of title 11, . . . such taxpayer may petition the bankruptcy court to recover damages against the United States.
>
> **(2) Remedy to be exclusive.**—
>
> **(A) In general.**--Except as provided in subparagraph (B), notwithstanding section 105 of such title 11, such petition shall be the exclusive remedy for recovering damages resulting from such actions.

13

> **(B) Certain other actions permitted.**--Subparagraph (A) shall not apply to an action under section 362(h) [now 362(k)(1)] of such title 11 for a violation of a stay provided by section 362 of such title; except that--
>
> **(i)** administrative and litigation costs in connection with such an action may only be awarded under section 7430; and
>
> **(ii)** administrative costs may be awarded only if incurred on or after the date that the bankruptcy petition is filed.

Maloney argues that the overall structure of this provision reveals the intent to make the United States the sole defendant responsible for willful violations of the automatic stay. The Plaintiffs argue that § 7433(e)(2)(B) clearly allows an action for willful violation of the automatic stay against Maloney in her individual capacity because the subsection is an exception to the exclusivity provision of § 7433(e)(2)(A). Section 7433(e)(2)(A) states that an action in the bankruptcy court *against the United States* is the exclusive remedy when an officer or employee of the IRS violates any provision of 11 U.S.C. § 362, but § 7433(3)(2)(B) states that an action brought pursuant under 11 U.S.C. § 362(k)(1) is not subject to the exclusivity provision. Here, the Plaintiffs have brought an action pursuant to § 362(k)(1), so the non-exclusivity provision of 11 U.S.C. § 7433(e)(2)(B) is triggered. A possible reading of 11 U.S.C. § 7433(e)(2)(B) could support the Plaintiffs' position, but the Court is hard pressed to believe that Congress would make the United States the sole defendant when an IRS employee "willfully violates *any* provision of section 362," and at the same time allow taxpayers to sue IRS agents in their individual capacity when an action for willful violation of the automatic stay is procedurally brought under § 362(k)(1). The parties' briefs on the interpretation of § 7433(e) are not terribly helpful. The parties are ordered to file supplemental briefs within thirty days of this decision on the narrow issue of whether 26 U.S.C. § 7433(e) allows an action against IRS employees in their individual capacities for willful violations of the automatic stay pursuant to § 362(k)(1).

## VI.    Conclusion

The Defendants' Motion to Dismiss Counts II & III is hereby DENIED.

Maloney's Motion to Vacate the Pretrial Order Docket #38 is hereby GRANTED.

Docket # 34 is hereby VACATED.

The IRS and the United States' Motion to Dismiss Count I is hereby GRANTED. The Plaintiffs may amend their complaint within thirty days of this decision.

The parties are ordered to file supplemental briefs regarding 26 U.S.C. § 7433(e) within thirty days of this decision.

A separate order has issued.

Dated:  November 3, 2008

*Joel B. Rosenthal*
_____
Joel B. Rosenthal
United States Bankruptcy Judge

15